IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02600-CMA-MEH

CRYSTAL MILLER,

    Plaintiff,

v.

ADAM LIPINSKI, and
BRIAN TRUST, LLC,

    Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER;
RESERVING RULING ON MOTION FOR PRELIMINARY INJUNCTION; AND
DENYING MOTION FOR WRIT OF PREJUDGMENT ATTACHMENT**

---

This matter is before the Court on Plaintiff Crystal Miller's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. # 3.) Plaintiff alleges that Defendant Lipinski and she jointly began a business venture, but Defendants have been improperly withholding her "access to intellectual property and distribution of profits related thereto." (*Id.*) For the following reasons, the Court denies Plaintiff's Motion for a Temporary Restraining Order and reserves ruling regarding a preliminary injunction.

                              I.      **ANALYSIS**

The purpose of a temporary restraining order is to prevent a plaintiff from suffering irreparable harm before the court can decide whether a preliminary injunction is warranted. "Courts have consistently held that a lengthy delay in seeking a temporary

restraining order weighs against a finding that irreparable harm will ensue in the time it takes to hold a hearing on a preliminary injunction." *O.L. v. City of El Monte*, No. 2:20-cv-00797-RGK-JDE, 2020 WL 2477686, at *2 (C.D. Cal. Mar. 2, 2020) (citing *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015)); *see, e.g.*, *Mbaku v. Bank of Am., Nat. Ass'n*, No. 12-cv-00190-PAB, 2012 WL 263095, at *1 (D. Colo. Jan. 30, 2012) (citing *Wangson Biotechnology Group, Inc. v. Tan Tan Trading Co., Inc.*, 2008 WL 4239155, at *6 (N.D. Cal. Sep.11, 2008) (plaintiff's "delay in requesting a TRO militates against its issuance. Parties spurred on by the threat of or actual immediate irreparable harm, file for TROs as quickly as possible to head or stave it off. Here, in stark contrast, [plaintiff] was aware of defendants' alleged counterfeiting activities since July 2008, but did not file suit until September 2008.")).

In the instant case, Plaintiff has not demonstrated that a temporary restraining order is warranted. Specifically, the documents attached to Plaintiff's Complaint suggest that Plaintiff delayed filing this Motion for a considerable period of time. For instance, the materials demonstrate that facts related to Plaintiff's Complaint, such as her lack of access to proprietary information, began as early as **November 2018**. (Doc. # 1-4.)

The materials also indicate one of the central issues giving rise to this case—i.e., Plaintiff's falling out with Defendant Lipinski—took place over four months ago (Doc. # 1-9), and Plaintiff has been gathering evidence related to her claims for over three months (Doc. # 1-5 at 2). The Court concludes that a delay of more than four months between the time Plaintiff received notice of the basis of her Complaint and the time Plaintiff filed the instant Motion weighs heavily against the issuance of a temporary

2

restraining order. *See, e.g.*, *Vivos Therapeutics, Inc. v. Parks*, No. 20-cv-01164-CMA-NRN, 2020 WL 2029268, at *2 (D. Colo. Apr. 28, 2020) (denying motion for temporary restraining order when plaintiff delayed nearly four months in raising the motion). As a result, Plaintiff has not demonstrated that she is entitled to injunctive relief before the adverse parties can be heard in opposition.

## II.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. # 3) is DENIED IN PART AND RESERVED IN PART. The Motion is **denied** as to Plaintiff's request for a temporary restraining order. The Court **reserves judgment** on whether a preliminary injunction should issue;

- Plaintiff shall serve the Complaint, along with a summons, a copy of her Motion (Doc. # 3), and this Order, on Defendants on or before **September 11, 2020**;

- Plaintiff shall file a certificate of service on or before **September 14, 2020**;

- Defendants shall file a Response to the Motion on or before **September 25, 2020**;

- Once Defendants are served, the parties shall jointly contact Chambers at Arguello_chambers@cod.uscourts.gov to set a preliminary injunction hearing; and

- Plaintiff's Motion for Writ of Pre-Judgment Attachment Against Adam Lipinski and Brain Trust, LLC (Doc. # 2) is DENIED WITHOUT PREJUDICE for failure to comply with D.C.COLO.LCivR 7.1(a) (duty to confer).

DATED: August 28, 2020

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge