UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**Civil Action No. 1:20-CV-02600**

Crystal Miller,

       Plaintiff,

v.

Adam Lipinski and Brain Trust, LLC,

       Defendants.

---

**UNOPPOSED MOTION FOR LEAVE TO RESTRICT ACCESS TO EXHIBIT 3 (DE #5) TO COMPLAINT**

---

Plaintiff Crystal Miller ("Plaintiff"), through her attorneys Allen Vellone Wolf Helfrich & Factor, P.C. hereby submits this Motion for Leave to Restrict Access to Exhibit 3 (DE #5) to the Complaint (DE #1) and in support thereof states as follows:

**Certificate of Conferral Pursuant to D.C.Colo.LR 7.1(a)**

Counsel for Plaintiff conferred with counsel for Defendants, James Juo at the firm Thomas P. Howard, LLC, which has not yet entered an appearance in this matter. Counsel for Defendants does not oppose this Motion to Restrict

**I.    ARGUMENT**

1.    Pursuant to D.C.COLO.LCivR 7.2, Plaintiff Crystal Miller seeks to restrict Exhibit 3 (DE #5) to the Complaint (DE #1) at Level 1 Access.

1

2. <u>D.C.COLO.LCivR 7.2(c)(1)</u>. The Plaintiff seeks Level 1 Restriction for DE #5, a Master Services Agreement between Martial Arts Business Hacks and Heart Mind Productions, LLC (the "Agreement").

3. <u>D.C.COLO.LCivR 7.2(c)(2).</u> The Agreement includes potentially confidential information from third parties including pricing information for services provided by Martial Arts Business Hacks to Heart Mind. Plaintiff Crystal Miller, as a manager and member of Heart Mind, has access to the Agreement.

4. Paragraph 6.1 of the Agreement, entitled "MABH Confidential Information," states:

> [Martial Arts Business Hacks] may provide [Heart Mind] access to proprietary information and data developed, owned, or utilized by MABH. . . . Client shall treat all information provided by MABH in performing Services under this Agreement as MABH Confidential Information . . . .

5. In an abundance of caution and to avoid exposing potentially confidential information about pricing or other terms, Plaintiff filed Exhibit 3 as protected under Level 1 Restriction. It is the existence of the Agreement, and not its terms or the pricing of MABH Services, that is relevant to this action. Accordingly, there is no public interest in disclosing the terms of the Agreement, including potentially protected pricing information.

6. <u>D.C.COLO.LCivR 7.2(c)(3)</u>. Without the restriction to Level 1 Access, confidential information of third-parties could be disclosed, harming one or both of Martial Arts Business Hacks or Heart Mind.

7. <u>D.C.COLO.LCivR 7.2(c)(4)</u>. It is unclear which of the terms third-party Martial Arts Business Hacks may deem as protected and proprietary information that would lead to a competitive disadvantage, if it were disclosed to a competitor. Accordingly, to avoid violation of the terms of the Agreement, the entirety of Exhibit 3 should be restricted to Level 1.

8. <u>D.C.COLO.LCivR 7.2(c)(5)</u>. The Plaintiff seeks to protect DE #5 at Level 1 Access.

WHEREFORE, Plaintiff Crystal Miller respectfully requests that the Court enter an Order granting the Plaintiff Leave to Restrict DE #5, Exhibit 3 to the Complaint (DE #1), and restrict Exhibit 3 at Level 1 Access.

Dated: September 10, 2020.

        Respectfully submitted,

        *s/ Vandana S. Koelsch*
        Matthew M. Wolf, Esq.
        Vandana S. Koelsch, Esq.
        ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
        1600 Stout Street, Suite 1100
        Denver, CO 80202
        Telephone: (303) 534-4499
        mmwolf@allen-vellone.com
        vkoelsch@allen-vellone.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of September 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A copy of this filing will be emailed to Mr. James Juo at Thomas P. Howard, LLC.

s/ *Savanna B. Chavez*
Allen Vellone Wolf Helfrich & Factor, P.C.